IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KARLA PEREZ, On Behalf of Herself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:22-cv-2110 |
| HICKORY TRAIL HOSPITAL, L.P. (d/b/a Hickory Trail Hospital), | § § § § | FLSA Collective Action |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Karla Perez ("Plaintiff"), on behalf of herself and all others similarly situated, files this Complaint against Hickory Trail Hospital, L.P. (d/b/a Hickory Trail Hospital) ("Defendant"), showing in support as follows:

### I.   NATURE OF THE CASE

1. This is a civil action brought by Plaintiff, on behalf of herself and all others similarly situated, pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek as employees of Defendant.

2. Plaintiff is employed by Defendant as the departmental director at Defendant's hospital/medical facility located at 2000 Old Hickory Trail, DeSoto, Texas 75115.

3. Defendant employed numerous other departmental directors at that same hospital/medical facility during the time period of three years preceding the date this lawsuit was filed and forward.

4. Defendant purported to pay Plaintiff and the other departmental directors working at that hospital/medical facility a salary. However, at all times relevant, Defendant did not intend to pay Plaintiff and those other departmental directors on a salary basis and had an actual practice of making improper deductions from their respective purported salaries.

5. During the time period of three years preceding the date this lawsuit was filed and forward, Plaintiff and the other departmental directors routinely worked 40 or more hours per seven-day workweek as employees of Defendant's, but Defendant did not pay them time and one-half their respective regular rates of pay for each and every hour worked over 40 per seven-day workweek.

6. Plaintiff, on behalf of herself and all others similarly situated, seeks all damages available, including FLSA unpaid overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.     THE PARTIES, JURISDICTION, AND VENUE

**A.     Plaintiff Karla Perez**

7. Plaintiff is a natural person who resides in Dallas County, Texas. She has standing to file this lawsuit.

8. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

**B.     Putative Collective Action Members**

9. The putative collective action members are all current and/or former employees of Defendant who work(ed) as departmental directors, are/were paid on a purported salary basis, are/were subject to actual improper deductions from their purported salary, and like Plaintiff, routinely work/worked 40 or more hours per seven-day workweek, but are not/were not paid time

and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek.

10.    The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

11.    Plaintiff reserves the right to redefine the collective action class, request more than one class, and/or request sub-classes relative to any motion for certification and notice filed in this lawsuit.

C.    **Defendant Hickory Trail Hospital, L.P. (d/b/a Hickory Trail Hospital)**

12.    Defendant is a foreign for-profit limited partnership.

13.    Defendant is registered with the Texas Secretary of State to conduct business operations in Texas.

14.    At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

15.    At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

16.    At all times relevant to this lawsuit, Defendant has been engaged in the operation of a hospital and/or an institution primarily engaged in the care of the sick, aged, or the mentally ill or defective who reside on the premises of such institution.

17.    At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person. Examples of such goods and/or materials include medication, medication dispensing equipment, medical

monitoring equipment, medical testing equipment, phones, computers, printers, personal protection equipment, and hospital equipment, such as beds and wheelchairs.

18. On information and belief, Defendant has had annual gross sales or business volume in excess of $500,000 during each of the following years – 2019, 2020, 2021, and 2022.

19. Defendant may be served with summons through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

**D.     Jurisdiction and Venue**

20. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

21. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

22. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

23. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases her claims on federal law, namely the FLSA.

24. Venue is proper in this Court because the work Plaintiff performed for Defendant made the subject matter of this lawsuit occurred at Defendant's facility located at 2000 Old Hickory Trail, DeSoto, Texas 75115. A substantial part of the events or omissions giving rise to the claims in this lawsuit occurred within this Judicial District and Division.

### III.     FACTUAL BACKGROUND

25. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

26. Defendant operates a hospital located at 2000 Old Hickory Trail, DeSoto, Texas 75115 (hereafter the "Hospital" or "Defendant's Hospital").

27. Defendant provides inpatient and outpatient mental health evaluation, treatment, and care at the Hospital

28. Plaintiff's dates of employment with Defendant are approximately September 2015 to present.

29. Plaintiff is employed by Defendant as a departmental director at the Hospital.

30. Defendant purportedly pays/paid Plaintiff a salary.

31. Defendant employed, and continues to employ, many other departmental directors at the Hospital that it purportedly paid a salary in the time period of three years preceding the date this lawsuit was filed and forward.

32. Defendant had an actual practice of making deductions from pay for purportedly salaried departmental managers in connection with time periods that had low patient census numbers at the Hospital. Defendant required purportedly salaried departmental manager employees to utilize PTO in connection with low patient census numbers, and if the relevant employee did not have accrued PTO, Defendant then deducted pay for partial and/or full days. That practice was commonly referred to as "flex" time.

33. Defendant also had a practice of making pay deductions for partial and/or full day absences of Plaintiff and other purportedly salaried departmental managers due to sickness or other non-Family Medical Leave Act ("FMLA") reasons that were not personal reasons.

34. Plaintiff's improper deduction claims in this lawsuit do not include hours in which PTO was proportionally paid by Defendant (for example, flex time paid with PTO (paid time off) for half the day and salary being paid for the remaining half day).

35. Plaintiff's improper deduction claims in this lawsuit do not include days in which absences and corresponding wages not paid occurred due to FMLA leave approved by Defendant.

36. Defendant had an actual practice of making full day deductions to the purported salaries of Plaintiff and the putative collective action members in connection with its flex time practice.

37. For example, Defendant made full day and/or partial day deductions from Plaintiff's salary as follows in connection with its flex time practice:

    a. No pay for Wednesday, January 1, 2020,

    b. No pay for Friday, January 3, 2020,

    c. No pay for Monday, May 11, 2020,

    d. No pay for Tuesday, May 12, 2020,

    e. No pay for Monday, May 25, 2020,

    f. No pay for Monday, June 1, 2020,

    g. No pay for Monday, August 10, 2020,

    h. No pay for Tuesday, August 11, 2020,

    i. No pay for .75 hours of salary on September 14, 2020,

    j. No pay for one hours of salary on September 15, 2020,

    k. No pay for 5.1 hours of salary on Thursday, February 25, 2021, and

    l. No pay for eight hours of salary for Friday, March 23, 2022.

38. Defendant had an actual practice of making full day and/or partial day deductions to the purported salaries of Plaintiff and the putative collective action members for other improper reasons. For example, deductions from salary made in connection with employees being sick, but not in connection with any approved FMLA serious health condition.

39. For example, Defendant made full day and/or partial day deductions from Plaintiff's salary as follows in connection with sickness:

    a. One day of salary on Tuesday, January 28, 2020,

    b. 3.5 hours of salary on September 28, 2020, and

    c. 3.5 hours of salary on September 29, 2020.

40. Plaintiff and the other purportedly salaried departmental directors employed by Defendant at the Hospital worked for Defendant's CEO.

41. Defendant's CEOs are and/or were responsible for the decisions to make the improper deductions made the subject matter of this lawsuit. Those individuals decided to make the improper deductions and implemented the practice of making improper deductions from the purported salaries of departmental directors employed by Defendant at the Hospital. The improper deductions made the subject matter of this lawsuit were neither isolated nor inadvertent.

42. Defendant's CEO is and has been Jeff Baker from approximately September 2021 to present. Defendant's interim CEO from approximately July 2021 to approximately September 2021 was Ty Culver. Mr. Culver is Defendant's current chief financial officer. Defendant's CEO from approximately October 2019 to approximately July 2021 was Daniel Martinez-Torres.

43. Plaintiff typically worked Monday to Friday for Defendant at the Hospital. Plaintiff also routinely worked for Defendant on Saturdays and/or Sundays at the Hospital.

44. Plaintiff routinely worked in excess of 40 hours per seven-day workweek as an employee of Defendant at the Hospital.

45. Defendant did not pay Plaintiff time and one-half her regular rate of pay for any hours worked over 40 in any seven-day workweek during Plaintiff's employment with Defendant.

46. The putative collective action members typically worked Monday to Friday for Defendant at the Hospital. Like Plaintiff, they also routinely worked for Defendant on Saturdays and/or Sundays at the Hospital.

47. The putative collective action members routinely worked in excess of 40 hours per seven-day workweek as employees of Defendant at the Hospital.

48. Defendant did not pay the putative collective action members time and one-half their respective regular rates of pay for any hours worked over 40 in any seven-day workweek during their employment with Defendant.

## IV.   CONTROLLING LEGAL RULES

49. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

50. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e). With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007).

51. "An employee will be considered to be paid on a 'salary basis'... if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602 (a).

"Subject to certain exceptions, 'an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked.'" *Lewis v. Shafer Project Resources, Inc.*, 2:19-CV-00353, 2021 WL 8016159, at *2 (S.D. Tex. Oct. 13, 2021) (citing 29 C.F.R. § 541.602). "In relevant part as to the exceptions, deductions from pay may be made when an exempt employee is absent from work for one or more full days for personal reasons, other than sickness or disability." *Id.* (brackets and internal quotations omitted) (*See also*, 29 C.F.R. § 541.602(b)(1)). "Deductions from pay may also be made for absences of one or more full days occasioned by sickness or disability (including work-related accidents) if the deduction is made in accordance with a bona fide plan, policy or practice of providing compensation for loss of salary occasioned by such sickness or disability." *Id.* (brackets omitted) (*See also*, 29 C.F.R. § 541.602(b)(2)). Also, "[a]n employer is not required to pay the full salary for weeks in which an exempt employee takes unpaid leave under the [FMLA]." 29 C.F.R. § 541.602(b)(7). "Rather, when an exempt employee takes unpaid leave under the [FMLA], an employer may pay a proportionate part of the full salary for time actually worked." *Id.* "When calculating deductions, the employer may use the hourly or daily equivalent of the employee's full weekly salary or any other amount proportional to the time actually missed by the employee." 29 C.F.R. § 541.602(c).

52.  "An employee is not paid on a salary basis if deductions from the employee's predetermined compensation are made for absences occasioned by the employer or by the operating requirements of the business." 29 C.F.R. § 541.602(a)(2).

53.  "An employer who makes improper deductions from salary shall lose the exemption if the facts demonstrate that the employer did not intend to pay employees on a salary basis." 29 C.F.R. § 541.603(a). "An actual practice of making improper deductions demonstrates that the employer did not intend to pay employees on a salary basis." *Id.*

54. "If the facts demonstrate that the employer has an actual practice of making improper deductions, the exemption is lost during the time period in which the improper deductions were made for employees in the same job classification working for the same managers responsible for the actual improper deductions." 29 C.F.R. § 541.603(b).

55. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

56. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Among other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

57. Under the FLSA's Continuous Workday Rule, "[p]eriods of time between the commencement of the employee's first principal activity and the completion of his last principal activity on any workday must be included in the computation of hours worked." 29 C.F.R. § 790.6.

58. An employee is employed for purposes of the FLSA if the employer has "knowledge, actual or constructive, that he was working." *Mack v. Avara Community Health Services, Inc.,* 3:13-CV-1976-P, 2016 WL 4801306, at *2 (N.D. Tex. Feb. 5, 2016) (Solis, J.) (*citing Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995)). "Constructive knowledge exists if by exercising reasonable diligence an employer would become aware that an employee is

working overtime." *Von Friewalde v. Boeing Aero. Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (quotations and citation omitted).

59. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton*, 47 F.3d at 748.

60. "Any employer who violates [29 U.S.C. § 207] shall be liable to the employee or employees affected in the amount of their … unpaid overtime compensation … and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.*

61. "It is unlawful for any person … to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]. 29 U.S.C. § 215(a)(3).

## V.    FLSA CLAIMS

62. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

63. Defendant is and/or was an eligible and covered employer under the FLSA relative to the claims in this lawsuit. 29 U.S.C. § 203(d).

64. Defendant is and/or has been an enterprise engaged in commerce under the FLSA during all years relative to the claims in this lawsuit. 29 U.S.C. § 203(s)(1)(A) and/or 29 U.S.C. § 203(s)(1)(B).

65. Plaintiff is and was an employee of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

66. The putative collective action members are and/or were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

67. Plaintiff is and was a covered employee under 29 U.S.C. § 207(a)(1) relative to her employment with Defendant.

68. The putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1) relative to their respective employment with Defendant.

69. Plaintiff regularly worked in excess of 40 hours per seven-day workweek as an employee of Defendant.

70. The putative collective action members regularly work and/or worked in excess of 40 hours per seven-day workweek as employees of Defendant.

71. Defendant is and was required to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 in each seven-day workweek during Plaintiff's employment with Defendant. 29 U.S.C. § 207(a)(1).

72. Defendant is and was required to pay the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek during their employment with Defendant. 29 U.S.C. § 207(a)(1).

73. Defendant did not pay Plaintiff time and one half-her regular rate of pay for any hours worked over 40 in any seven-day workweek during the time period relevant to this lawsuit.

74. Defendant did not pay the putative collective action members time and one half-their respective regular rates of pay for any hours worked over 40 in any seven-day workweek during the time period relevant to this lawsuit.

75. The failure of Defendant to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 per seven-day workweek is a violation of the FLSA.

76. The failure of Defendant to pay the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 per seven-day workweek is a violation of the FLSA.

77. Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At material times, Defendant is and was aware that Plaintiff and the putative collective action members are not and/or were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek in the relevant time period. Defendant knowingly created and implemented the flex time practice that made actual improper deductions to the purported salaries of Plaintiff and the putative collective action members. That flex practice was used by Defendant on many occasions over many years. Furthermore, Defendant knowingly made many other improper deductions to the purported salaries of Plaintiff and the putative collective action members based on an actual practice, plan, and/or policy for same (for example, full and/or partial day deductions from salary for sick days that were not taken pursuant to FMLA and for which no PTO or other remuneration was provided).

78. Plaintiff, on behalf of herself and all others similarly situated, seeks all damages available for Defendant's failure to timely pay all FLSA overtime wages owed.

## VI. FLSA COLLECTIVE ACTION

79. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of herself and all current and/or former employees of Defendant who work(ed) as departmental directors, are/were paid on a purported salary basis, are/were subject to actual improper deductions from their purported salary, and like Plaintiff, routinely work/worked 40 or more hours per seven-

day workweek, but are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek.

80. Because Defendant did not and does not pay all overtime premium compensation to those putative collective action members who routinely work(ed) in excess of 40 hours per seven-day workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA. Furthermore, Plaintiff and the putative collective action members are similarly situated due to Defendant's actual practice of improper deductions from their salaries and because Defendant did not intend to pay them on a salary basis.

81. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

82. Plaintiff reserves the right to redefine the collective action class, request more than one class, and/or request sub-classes relative to any motion for certification and notice filed in this lawsuit.

## VII.  JURY DEMAND

83. Plaintiff demands a jury trial.

## VIII.  DAMAGES AND PRAYER

84. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded judgment(s) against Defendant and/or order(s) from the Court for the following:

   a. An Order certifying the FLSA overtime wage claims in this case as a FLSA collective action and requiring notice to be issued to all putative collective action members,

  b. All damages allowed by the FLSA, including unpaid overtime wages,

  c. Liquidated damages in an amount equal to unpaid FLSA overtime wages,

  d. Reasonable legal fees,

  e. Costs,

  f. Post-judgment interest, and/or

  g. All other relief to which Plaintiff is justly entitled.

Date: September 22, 2022.

              Respectfully submitted,

           By: s/ Allen R. Vaught
              Allen R. Vaught
              Attorney-In-Charge
              TX Bar No. 24004966
              Vaught Firm, LLC
              1910 Pacific Ave., Suite 9150
              Dallas, Texas 75201
              (972) 707-7816 – Telephone
              (972) 591-4564 – Facsimile
              avaught@txlaborlaw.com

             ATTORNEY FOR PLAINTIFF